Atlantic Med. & Diagnostic, P.C. v State Farm Mut. Auto. Ins. Co. (2024 NY Slip Op 51785(U))

[*1]

Atlantic Med. & Diagnostic, P.C. v State Farm Mut. Auto. Ins. Co.

2024 NY Slip Op 51785(U)

Decided on December 12, 2024

District Court Of Suffolk County, Third Dist.

Black-Kelly, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 12, 2024
District Court of Suffolk County, Third Dist.

Atlantic Medical & Diagnostic, P.C. AS ASSIGNEE OF CERINEA SHIRLEY, Plaintiff

against
State Farm Mutual Automobile Insurance Company, Defendant
ATLANTIC MEDICAL & DIAGNOSTIC, P.C. AS ASSIGNEE OF LENORE PARLEE-BOYD, Plaintiff
against
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant

Index No. CV-1912-23/HU

Bronwyn Black-Kelly, J.

The above captioned actions having come on for trial before this Court and the parties having stipulated to the consolidation of these matters for joint trial, the Court conducted a trial on September 16, 2024 and reserved decision.
The Plaintiffs in these actions seek to recover first party no-fault benefits pursuant to NY [*2]Insurance Law §§ 5102 & 5108 and the regulations promulgated thereunder. The subject of each suit is for the interventional pain management services that were performed on patient/assignors, specifically trigger point injections in which radiologic assistance was used to locate the site where ultimately an injection was made. Each unit of ultrasound guidance was billed individually. In each case the Defendant/carrier paid for the ultrasound guidance for one unit and denied the remaining units.
As stipulated by the parties, Plaintiffs timely submitted bills for multiple units of radiology in support of trigger point injections to multiple muscle groups (CPT 20553) and all of the submitted bills were timely denied by Defendant. It was further stipulated that the ad damnum clauses in both actions were amended to $5,205.60 (Re: Index CV-1912-23/HU ) and $2,776.32 (Re: Index CV-6944-23/HU).
The sole defense presented by the Defendant and the sole issue before this Court is whether Plaintiffs are entitled to reimbursement of multiple units of radiology (CPT 76942) in support of the aforesaid trigger point injections.
The Defendant argues only one unit is reimbursable and presented evidence in support of its defense via expert witness testimony, Jeffrey Futoran, CPC. Defendant's expert witness testified that based upon coding opinions published by the American Medical Association (hereinafter referred to as AMA) including the AMA CPT Assistant and the AMA Knowledge Base it was his opinion that only one unit of CPT Code 76942 may be reported in conjunction with trigger point injections under CPT Code 20553.
The Plaintiff argues multiple units are reimbursable and presented an expert witness Jacqueline Thelian, CPC, CPCT, who testified that the New York State Workers' Compensation Medical Fee Schedule provides specific allowances and guidance with respect to billing, coding and for reimbursement of multiple units of CPT Code 76942. As such, Plaintiff argues the New York State Workers' Compensation Medical Fee Schedule is instructive and no further extrinsic material is necessary.
The official New York State Workers' Compensation Medical Fee Schedule, (hereinafter referred to as the "Fee Schedule") prepared and established by the Workers' Compensation Board "is designed to be an accurate and authoritative source of information about medical coding and reimbursement" (see Fee Schedule Optum 360 Notice). The instructions and guidelines explains that " a primary purpose of the schedule is to provide a precise description and coding of the services provided by New York State Physicians in the care of Workers' Compensation covered patients and to ensure the proper payment for such services by assuring that they are specifically identifiable" (see Fee Schedule Introduction and General Guidelines). Thus based on the plain language set forth, the Fee Schedule is the primary source for the applicability and interpretation of fee codes.
The Fee Schedule consists of (8) eight sections enumerating specific instructions. In the case at bar, the relevant sections are Surgery (Section 4) and Radiology (Section 5).The section pertaining to Surgery refers to the Medical Fee Schedule Code 20553 described as "injection(s); single or multiple trigger point(s), 3 or more muscles" and provides the relative value (see p 81). The Radiology section refers to Code 76942 described as "ultrasonic guidance for needle placement (eg. biopsy, aspiration, injection, localization device) imaging suspension and interpretation." The Radiology Schedule also provides instructions for determining the fee for a [*3]procedure that is, "multiplying the relative value by the radiology conversion factor subject to ground rules, instructions and definitions".
Additionally, multiple procedures are addressed under the General Ground rules wherein multiple procedures rendered on the same day are to be separate entries. The procedure and rate of reimbursement for multiple diagnostic procedures are set forth under Radiology Ground Rule Three which reads "For three or more parts, whether contiguous or remote, the charge shall be the greater fee, plus 75% of the total of the lesser fees". Thus specifically allowing for multiple reimbursements of Code 76942.
The Defendant argues that the inquiry should go beyond the Fee Schedule to other sources and relies upon the Court's finding in Global Liberty v. McMahon, 172 AD3d 500. The Appellate Division in Global Liberty found it was "reversible error to preclude extrinsic evidence such as CPT Manuel, CPT Assist and Knowledge Base Inquiry " and such authorities must be considered by the Court.
However, based upon the purpose and language specifically expressed in the Fee Schedule itself, that being the primary source, the extrinsic authority does not supercedes the rules and regulations in the Fee Schedule.
In further support of this view, the introduction and guidelines specifically instruct one to "refer to the CPT book for an explanation of coding rules and regulations not billed in the schedule." Such is not the case herein.
It is this Court's opinion that one does not need to look beyond the Fee Schedule itself which presents guidelines allowing for multiple billing and Radiology Ground Rule Three which allows for multiple reimbursement.
Based upon the testimony and evidence presented the Court finds that multiple units of CPT Code 76942 on same day and same place were properly billed and can be reimbursed pursuant to the New York State Workers' Compensation Fee Schedule when in conjunction with pain management trigger shots (20553). Accordingly, the Court finds for the Plaintiffs and awards judgment in the amounts as stipulated by the parties.
Hon Bronwyn Black-Kelly, J.D.C., #128
Dated: December 12, 2024